# Exhibit 2

12/12/2022 7:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 70942470
By: Brianna Janel Denmon
Filed: 12/12/2022 7:56 PM

CAUSE NO.

| | | |
|---|---|---|
| Javier Tapia, Individually, and as | § | IN THE DISTRICT COURT |
| Personal Representative of the | § | |
| Estate of A.W.T.; | § | |
| and Jennifer Welborn, | § | |
|     *Plaintiffs*, | § | |
| | § | HARRIS COUNTY, TEXAS |
| vs. | § | |
| | § | |
| Union Pacific Corporation, | § | |
| Union Pacific Railroad Company, and | § | |
| John Doe; | § | |
|     *Defendants* | § | _____TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, **Javier Tapia**, Individually, and as **Personal Representative of the Estate of A.W.T.**, his deceased minor daughter (**"Decedent"**), and **Jennifer Welborn**, mother of A.W.T. (collectively "Plaintiffs") bring this wrongful death and survival action against Defendants **Union Pacific Corporation, Union Pacific Railroad Company,** (collectively, "Union Pacific"), **and John Doe** (collectively "Defendants") and would respectfully show the Court the following:

## I.

## Discovery Control Plan

1.    Discovery in the matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## II.

## Jurisdiction & Venue

2.      Jurisdiction and venue are proper in this County because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County, Texas.

## III.

## Parties

3.      At the time of her death, **Decedent A.W.T.** was a minor and a citizen of the State of Texas.

4.      Plaintiff **Javier Tapia** is the biological father of Decedent.  At all relevant times, Plaintiff was a resident and citizen of the state of Texas.  As father of the Decedent, Plaintiff has standing and does now pursue his own wrongful death claims pursuant to Texas Civil Practice and Remedies Code §71.001, *et. seq.* in addition to the survival claims he is bringing on behalf of the Estate of A.W.T..

5.      Plaintiff Jennifer Welborn is the mother of Decedent. At all relevant times, Plaintiff was a resident and citizen of the state of Texas. As mother of the Decedent, Plaintiff has standing and does now pursue her own wrongful death claims pursuant to Texas Civil Practice and Remedies Code §71.001, *et. seq.*

6.      Defendant **Union Pacific Corporation** is foreign Corporation that conducts substantial business in Texas such that it may be considered to be at home in this state.  This defendant may be served with process through its registered agent **CT Corporation System** at **1999 Bryan Street Ste. 900 Dallas, Texas 75201.**

7.      Defendant **Union Railroad Company** is foreign Corporation that conducts substantial business in Texas such that it may be considered to be at home in this state.  This

defendant may be served with process through its registered agent **CT Corporation System** at **1999 Bryan Street Ste. 900 Dallas, Texas 75201.**

**8.**      Defendant John Doe is an unidentified locomotive engineer and/or train operator.  Upon information and belief, this Defendant is a Texas resident.

## IV.

### Facts

10.      This lawsuit arises out of the tragic, untimely and unnecessary death of a minor, A.W.T..

11.      On November 15, 2022, Decedent along with her minor friend, were playing in Memorial Park located in Houston, Texas.

12.      At the time of the incident in question, Decedent and her minor friend were seated in what appeared and what they knew to be a walkway in the park.  The area in which Decedent was located had no trespass, private property, train crossing signs, signals, or warnings to inform the general public of the presence of an active train line.

13.      On the date of the incident in question, Decedent was struck by a train operated by Defendant John Doe on behalf of Union Pacific.

14.      Defendants first sounded their warning horn six seconds prior to striking and ultimately killing Decedent, in direct violation of both state and federal regulations.

15.      As a direct and proximate result of Defendants' negligence, gross negligence by way of act and/or omission, minor Decedent was tragically killed. Plaintiffs sustained injuries as a result of Defendants' negligence, negligence per se, and gross negligence because Defendant:

- Failed to timely engage the train's horn;

3

- Failed to have a headlamp;

- Failed to timely apply the train's emergency brakes;

- Failed to have warning devices, gates, signs and/or symbols;

- Maintained an unprotected railroad crossing;

- Failed to hire qualified and adequately trained employees and/or agents;

- Failed to properly train their employees and/or agents;

- Failed to supervise their employees and/or agents;

- Failed to create and/or enforce adequate safety policies and procedures;

- Failed to take action to prevent the incident in question;

- Vicariously liable for their employees and/or agents;

- Violating applicable government regulations, laws, and rules; and

- Other acts deemed negligent and grossly negligent.

## V.

## Damages

16.    As a direct and proximate sustained severe physical pain, mental anguish, emotional distress, and died as a result.  Plaintiff Javier Tapia lost his beloved daughter, Plaintiff Jennifer Welborn, lost her beloved and one and only child.  Plaintiffs have sustained in the past and will continue to sustain in the future:

- Pre-death physical pain and suffering;

- Pre-death mental pain, suffering, and anguish;

- Loss of earning capacity and inheritance;

- Loss of fringe benefits;

4

- Loss of services and support;

- Loss of nurture, guidance, care, and instruction;

- Loss of enjoyment of life;

- Loss of future pecuniary support;

- Loss of society and companionship;

- Emotional distress and mental anguish; and

- All other damages recoverable under the law.

16.     Plaintiffs are also entitled to punitive damages because Defendants willfully and wantonly disregarded Decedent's and Plaintiff's safety and rights.  Defendants acted with flagrant and malicious disregard of Decedent's health and safety.  Defendants were subjectively aware of the extreme risk posed by the conditions which caused Decedent's death, but did nothing to rectify them.  Defendants did so knowing that the conditions posed dangerous and grave safety concerns.  Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Decedent and others.  Defendants had actual, subjective awareness of the risk, and consciously disregarded such risks.  Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court for which they now sue.

### VIII.

### **Jury Demand**

13.     Plaintiff hereby demands a trial by jury on all issues.

### IX.

## Prayer

Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.  Plaintiff seeks monetary relief over $1,000,000.

Date: December 12, 2022

Respectfully submitted,

**ARNOLD & ITKIN, LLP**

*/s/ Noah M. Wexler*
Jason A. Itkin
State Bar No. 24032461
Caj Boatright
State Bar No. 24036237
Roland Christensen
State Bar No. 24101222
Samantha M.B. Demuren
Texas State Bar No. 24103756
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
cboatright@arnolditkin.com
rchristensen@arnolditkin.com
sdemuren@arnolditkin.com
*Plaintiffs' Attorneys*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leticia Saavedra on behalf of Samantha Demuren
Bar No. 24103756
lsaavedra@arnolditkin.com
Envelope ID: 70942470
Status as of 12/13/2022 9:09 AM CST

Associated Case Party: Javier (Individually and asof the Estate of A.W.T.) Personal RepresentativeTapia

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Samantha Demuren | | sdemuren@arnolditkin.com | 12/12/2022 7:56:34 PM | SENT |
| Leticia Saavedra | | lsaavedra@arnolditkin.com | 12/12/2022 7:56:34 PM | SENT |
| Kat Robideaux | | krobideaux@arnolditkin.com | 12/12/2022 7:56:34 PM | SENT |
| Jason A.Itkin | | e-service@arnolditkin.com | 12/12/2022 7:56:34 PM | SENT |