United States District Court
Southern District of Texas
**ENTERED**
March 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAVIER TAPIA, Individually and §
as Personal Representative of §
THE ESTATE OF A.W.T., and §
JENNIFER WELBORN, §
§
Plaintiffs, §
§      CIVIL ACTION NO. H-23-0042
v. §
§
UNION PACIFIC RAILROAD COMPANY §
and JOHN DOE, §
§
Defendants. §

### MEMORANDUM OPINION AND ORDER

Plaintiffs Javier Tapia and Jennifer Welborn ("Plaintiffs") brought this action individually and on behalf of their deceased child A.W.T. ("Decedent") against defendants Union Pacific Railroad Company ("UPRR") and John Doe, an unidentified locomotive engineer.[1]  Plaintiffs allege that Defendants' negligence caused A.W.T.'s death.[2]  Pending before the court is Union Pacific Railroad Company's Motion for Summary Judgment and Supporting Brief

———————————

[1] Plaintiffs' Original Petition ("Complaint"), Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, pp. 2, 4.  Plaintiffs also named Union Pacific Corporation as a defendant but have since voluntarily dismissed it from the action.  Id. at 2; Order, Docket Entry No. 21.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Complaint, Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, p. 4 ¶ 15.

("UPRR's MSJ") (Docket Entry No. 17).  For reasons stated below, UPRR's MSJ will be granted.

## I.  **Background**

On November 15, 2022, a UPRR train was traveling east in Houston near Memorial Park.[3]  Inside the train were a UPRR conductor and engineer.[4]  Just before 3:14 p.m. the train approached a railroad-only bridge over Memorial Drive.[5]  There is fencing on either side of the bridge or beyond the bridge on the tracks' west side.[6]  There is no railroad crossing at or near the bridge.[7]  Memorial Drive runs underneath the bridge, along with what appears to be a paved pedestrian path.[8]  A video camera on top of the train captured the fatal accident.[9]  In the video Decedent and a friend become recognizable at around 3:13:50,[10] when they were on the bridge, on the left edge of the tracks.[11]  An inward-facing

─────────────

[3]Affidavit of David Gitlitz, Exhibit 1 to UPRR's MSJ, Docket Entry No, 17-1, p. 2 ¶ 2.

[4]Affidavit of Mark Pollan ("Pollan Affidavit"), Exhibit 2 to UPRR's MSJ, Docket. Entry No. 17-2, p. 3 ¶ 7.

[5]Outward Facing Locomotive Video, Exhibit 3 to UPRR's MSJ, Docket Entry No. 17-3, 3:13:48-3:13:56 p.m.

[6]<u>Id.</u> at 3:13:56 p.m.

[7]<u>Id.</u> at 3:13:30-3:14:30 p.m.

[8]<u>Id.</u> at 3:13:55 p.m.

[9]<u>Id.</u> at 3:13:50-3:13:59 p.m.

[10]<u>Id.</u> at 3:13:50 p.m.

[11]<u>Id.</u>

video shows the conductor's and engineer's actions.[12]  The conductor
first starts reaching to sound the train's horn at 3:13:51.[13]  The
horn can be heard in the outward-facing video beginning at
3:13:53.[14]  The friend backed away, but between 3:13:55 and 3:13:57
Decedent ran across the track.[15]  At 3:13:57 Decedent appears to be
out of the train's path, even if still dangerously close.[16]  But at
3:13:58 Decedent changed direction and headed back into the train's
path.[17]  Also at 3:13:58 the train engineer quickly reaches for and
applies the emergency brake.[18]  The train was traveling at 43 miles
per hour.[19]  The camera angle does not show the train's impact with
Decedent, but it can be heard at 3:13:59.[20]  The emergency brake
brought the train to a stop at 3:14:36.[21]

---

[12]Inward Facing Locomotive Video, Exhibit 4 to UPRR's MSJ,
Docket Entry No. 17-4.

[13]Id. at 3:13:51 p.m.

[14]Outward Facing Locomotive Video, Exhibit 3 to UPRR's MSJ,
Docket Entry No. 17-3, 3:13:53 p.m.

[15]Id. at 3:13:55-3:13:57 p.m.

[16]Id. at 3:13:57 p.m.

[17]Id. at 3:13:58-3:13:59 p.m.

[18]Inward Facing Locomotive Video, Exhibit 4 to UPRR's MSJ,
Docket Entry No. 17-4, 3:13:58 p.m.

[19]Affidavit of Mark Pollan, Exhibit 2 to UPRR's MSJ, Docket
Entry No. 17-2, p. 5, Speed MPH at 15:13:59.

[20]Outward Facing Locomotive Video, Exhibit 3 to UPRR's MSJ,
Docket Entry No. 17-3, 3:13:59 p.m.

[21]Pollan Affidavit, Exhibit 2 to UPRR's MSJ, Docket Entry
No. 17-2, p. 5, Speed MPH at 15:14:36.

Plaintiffs brought this action against Defendants on December 12, 2022, in the Judicial District Court of Harris County.[22] Plaintiffs allege negligence, negligence per se, and gross negligence.[23] Defendants removed the case to this court on January 6, 2023.[24] UPRR filed its Motion for Summary Judgment on January 30, 2023, Plaintiffs responded, and UPRR replied.[25]

## II.  **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). "[T]he burden on the moving party may be discharged

---

[22]Complaint, Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, p. 2.

[23]Id. at 4 ¶ 15.

[24]Notice of Removal, Docket Entry No. 1.

[25]UPRR's MSJ, Docket Entry No. 17; Plaintiffs' Response to Defendant Union Pacific Railroad Company's Motion for Summary Judgment ("Plaintiffs' Response"), Docket Entry No. 22; Union Pacific Railroad Company's Reply Brief In Support of Its Motion for Summary Judgment ("UPRR's Reply"), Docket Entry No. 23.

-4-

by 'showing'-that is, pointing out to the district court-that there
is an absence of evidence to support the nonmoving party's case."
Id. at 2554.  "[T]he court must draw all reasonable inferences in
favor of the nonmoving party, and it may not make credibility
determinations or weigh the evidence."   Reeves v. Sanderson
Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000).   "[W]e
review evidence in the light most favorable to the nonmoving party,
[but] we assign greater weight, even at the summary judgment stage,
to the facts evident from video recordings taken at the scene."
Carnaby v. City of Houston, 636 F.3d 183, 187 (5th Cir. 2011)
(citing Scott v. Harris, 127 S. Ct. 1769 (2007)).

### III.  **Analysis**

    In addition to disputing that its crew was negligent, UPRR
argues that there is no evidence that its crew's actions or
omissions proximately caused Decedent's death.   In particular, UPRR
argues that the video shows that Decedent got out of the train's
path in time and that her last-second attempt to cross back over
was an intervening cause.   Plaintiffs respond that a railroad can
be liable if its train approaches without adequate warning and by
severe fright causes the person to enter the train's path.

    "To prevail on a negligence claim, a plaintiff must prove that
the defendant's act or failure to act was a proximate cause of the
plaintiff's injury."   Seaway Products Pipeline Co. v. Hanley, 153
S.W.3d 643, 657 (Tex. App.—Fort Worth 2004).   "There are two
elements of proximate cause:  cause-in-fact and foreseeability."

-5-

<u>Id.</u> "'Cause-in-fact' means the act or omission was a substantial factor in producing the injury and, without it, the harm would not have occurred." <u>Id.</u> "'Foreseeability' means the actor, as a person of ordinary intelligence, should have anticipated the danger to others created by his act." <u>Id.</u>

It is foreseeable to a railroad crew that a person lacking adequate warning may make sudden movements when startled by the nearby train. <u>See Texas & Pacific Railway Co. v. Watkins</u>, 29 S.W. 232, 234 (Tex. 1895). In <u>Watkins</u> the plaintiff was walking between two parallel railroad tracks toward a train depot. <u>Id.</u> at 233. A train approached from behind "without ringing the bell or blowing the whistle or giving any other warning of its approach." <u>Id.</u> "When the engine was within a few feet of [the plaintiff], a rumbling noise caused her to turn and look back, whereupon she was so startled and frightened by the close proximity of the engine that she jumped against it, and was knocked down, and received" injuries. <u>Id.</u> On appeal from the jury verdict, the Texas Supreme Court stated that the jury instructions should have included the following proposition:

> [I]f [the plaintiff] was impelled by sudden terror, brought about by such negligence of the engineer, to jump against the engine, then the railroad would be liable, although [the plaintiff] did not act as a reasonably prudent person would have acted under similar circumstances.

<u>Id.</u> at 234.

-6-

But where a person knows of an approaching train and leaves the train's path, the person's decision to reverse course and reenter the train's path is an unforeseeable intervening cause. See Missouri, Kansas & Texas Railway Co. of Texas v. Riddle, 277 S.W. 164, 170 (Tex. Civ. App.—Waco 1925, writ ref'd).   In Riddle the decedent was part of a bridge repair gang with the role of flagging down approaching trains.   Id. at 165.   The decedent flagged down an oncoming train, which slowed but did not stop as required.   Id.   Seeing that the train would not stop before reaching him, the decedent left the tracks when the train was 100-250 feet away.   Id. at 164.   But he "then turned around and stepped toward the track and stopped as though he were picking up something off of the rail, when the [train] struck him on the head."   Id. The court held that the decedent's act of putting himself back in the train's path "was a new, independent intervening act on the part of the deceased, in no way caused or contributed to by the original negligence of the train crew, and an act which could not reasonably have been foreseen or anticipated by the train crew." Id. at 170.

Decedent's movements were less sudden and more deliberate than those of the Watkins plaintiff.   In Watkins the plaintiff, lacking any warning, made a startled jump against a train when it made a noise just feet away.   But Decedent, warned of the train's approach at least six seconds away, had enough time to leave the train's

path and deliberately did so before reversing course.  Decedent's movement onto the track is therefore not the type of sudden, startled movement that train crews are expected to foresee under <u>Watkins.</u>   Instead, Decedent's actions resemble those of the decedent in <u>Riddle.</u>  In both cases, the decedent successfully left the train's path in time but then turned back.  The court concludes that <u>Riddle</u> is therefore applicable.  Decedent's last-second reversal back into the train's path was an intervening cause of her death that UPRR's crew could not have reasonably foreseen. Railroads are expected to foresee harm to persons who do not receive enough warning to get out of the way, and they are expected to foresee harm to persons who make sudden, startled movements when a train comes very close with no warning.  They are not expected to foresee harm to persons who deliberately try to cross the train's path at the last second.

Proximate cause is a necessary element of all of Plaintiffs' claims, and Plaintiffs offer no evidence suggesting that the alleged negligence proximately caused Decedent's death.  Defendants are therefore entitled to judgment as a matter of law on the element of proximate cause.  The court therefore does not decide whether there is evidence to show that Defendants breached a duty to Decedent or Plaintiffs.  UPRR's MSJ will be granted.

## IV.  <u>Conclusion and Order</u>

Plaintiffs have not pointed to evidence of proximate causation

-8-

— an essential element of negligence, negligence per se, and gross negligence. Union Pacific Railroad Company's Motion for Summary Judgment (Docket Entry No. 17) is therefore **GRANTED** as to each of Plaintiffs' claims.

    **SIGNED** at Houston, Texas, on this 7th day of March, 2023.

                                    _____
                                         SIM LAKE
                   SENIOR UNITED STATES DISTRICT JUDGE